IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
AUG 19 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| VERNON E. GILLUM, JR.; AND RUSSELL C. GURGANUS, GERALDINE TAYLOR; individually and on behalf of all others similarly situated, )))))) | |
| Plaintiffs, )) | |
| v. )) | CIVIL ACTION NO.: 3:10CV585 |
| THE KROGER CO. )))) | JURY TRIAL DEMANDED |
| Defendant, ) | |

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated, seek to recover for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), and hereby state and allege as follows:

1. Plaintiffs Vernon E. Gillum, Jr., Russell C. Gurganus and Geraldine Taylor (hereinafter "Plaintiffs") bring this action for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees and expenses, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate under the FLSA, against The Kroger Co. and each of its respective divisions, subsidiaries and affiliates, however constituted, including but not limited to any employer of the Plaintiffs and others similarly situated, all doing a portion of their business in Virginia. All such divisions, subsidiaries and affiliates are referred to herein collectively as "Kroger" or "Defendant" as more fully alleged in paragraph 7.

2. This action is brought pursuant to the FLSA and specifically the collective action provision of the FLSA found at § 216(b), for equitable and injunctive relief and to remedy

violations of the wage provisions of the FLSA by Defendant which has deprived the named Plaintiffs as well as others similarly situated to the named Plaintiffs of their lawful wages.

3. The material time for the claims under the FLSA in this case is the three-year period prior to the date of Plaintiffs' complaint and the period of additional time, if any, that Plaintiffs' and other similarly situated employees' claims were tolled or extended by agreement of Defendant, by equity, or by operation of law.

4. Defendant provides general grocery products and perishables throughout the Commonwealth of Virginia.

5. Defendant denied overtime premium pay to Plaintiffs by requiring Plaintiffs to work hours in excess of 40 without payment of overtime wages. Defendant's deliberate failure to pay Plaintiffs for all hours worked and Defendant's deliberate failure to pay Plaintiffs overtime compensation violates federal law as set out in the FLSA. *See* 29 CFR 541.600.

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. The Court has subject matter jurisdiction over Plaintiffs' FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant operates in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8. Defendant maintains its principal place of business in Cincinnati, Ohio and does business within the Commonwealth of Virginia.

9. Plaintiffs are residents of and are domiciled in the Commonwealth of Virginia.

## **GENERAL ALLEGATIONS**

10. Plaintiff Vernon E. Gillum, Jr. ("Gillum") worked for the Defendant as a Grocery Manager from February 2, 2009 to September 5, 2009 at Defendant's store #502 located at 4816 South Laburnum Avenue in Richmond, Virginia.

11. Plaintiff Russell C. Gurganus ("Gurganus") worked for the Defendant as a Meat Manager from on or around November 2004 until January 2010. Gurganus worked at Defendant's store located on Chamberlayne Avenue in Richmond, Virginia and at Defendant's store # 502 located at 4816 South Laburnum Avenue in Richmond, Virginia.

12. From on or around 2001 until 2007 Plaintiff Geraldine Taylor ("Taylor") worked for Defendant as a Customer Service Manager. From 2007 to March 17, 2010 Taylor worked for Defendant as an Assistant Store Manager. At all times Taylor worked at Defendant's store #502 located at 4816 South Laburnum Avenue in Richmond, Virginia.

13. Plaintiffs were required to regularly work hours in excess of 40 (forty) per week and were not paid overtime based upon one and one half times their regular rates of pay. Further, Plaintiffs were not compensated for other work required by Defendant.

14. Though Plaintiffs had titles of Grocery Manager, Meat Manager and Customer Service Manager, they did not work in the capacity of managers for more than fifty percent (50%) of their workweek and did not have authority to hire or fire employees. Their primary duty was not "management." Plaintiffs performed non-managerial tasks for eighty (80) percent of their work time while employed at Kroger. Management and managerial discretion were not an integral part of their job duties.

15. Plaintiffs did not meet the exemption outlined in § 213(a)(1) of the FLSA because they did not work in a bona fide executive, administrative, or professional capacity while employed by Defendant.

16. In addition to depriving Plaintiffs of overtime wages, Defendant's failure to accurately account for and report all compensable time worked by the Plaintiffs deprived Plaintiffs of what would otherwise be overtime pay in excess of the hours reported or maintained by Defendant.

## COUNT I - Violations of the Fair Labor Standards Act of 1938
(Brought Against the Defendant by the Individually-Named Plaintiffs)

17. Plaintiffs re-adopt, re-allege and incorporate by reference paragraphs 1 through 16 set forth above as if fully restated herein.

18. There are numerous other similarly situated employees and former employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records. Specifically, all current and former Grocery Manager, Meat Manager and Customer Service Manager employees of Defendant who have been employed by the Defendant who have worked as Grocery Managers, Meat Managers, and Customer Service Managers and have not been compensated for the same would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

19. At all material times herein, Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

20. Defendant violated the FLSA by failing to pay overtime compensation to the named Plaintiffs as well as others similarly situated.

21. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

22. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

23. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

24. Defendant's failure to accurately pay overtime was, and is, willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

25. Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of their costs, attorneys' fees and expenses incurred.

26. As a result of these willful violations of the FLSA's overtime provisions; overtime compensation has been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, the Plaintiffs, Vernon E. Gillum, Jr., Russell C. Gurganus and Geraldine Taylor, individually and on behalf of all others similarly situated, respectfully pray:

a. That at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all Defendant's employees in all locations within the United States during the three years immediately preceding the filing of their suit and to all other potential Plaintiffs who may be similarly situated informing them that this action has been filed, of the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid proper compensation and benefits pursuant to 29 U.S.C. § 216(b);

b. That the Plaintiffs be awarded damages in the amount of their respective unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

c. That Plaintiffs be awarded their reasonable attorney's fees, including the costs and expenses of this action; and

d. That the Plaintiffs be awarded such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Virginia and Federal law.

Dated: August 17, 2010

>Respectfully submitted,
>
>_____
>J. ALLEN SCHREIBER (VSB#79397)
>JOANNA L. SUYES (VSB#74226)
>Marks & Harrison, P. C.
>1500 Forest Ave
>Richmond, VA 23229
>(804) 282-0999 Telephone
>(804) 288-1330 Facsimile
>aschreiber@marksandharrison.com
>jsuyes@marksandharrison.com