IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **VERNON E. GILLUM, JR. & RUSSELL C. GURGANUS**, individually and on behalf of all others similarly situated, <br><br> **Plaintiffs,** <br><br> v. <br><br> **KROGER LIMITED PARTNERSHIP I,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 3:10-cv-585-HEH <br> ) <br> ) <br> ) <br> ) <br> ) |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR ENTRY OF ORDER DISMISSING CASE WITH PREJUDICE

Plaintiffs and Defendant Kroger Limited Partnership I, by and through their counsel, hereby move this Court for an order approving the Settlement Agreement reached between the parties and attached hereto as Exhibit A (filed manually under seal). In support of their Motion, the parties state as follows:

### I. INTRODUCTION

In this Fair Labor Standards Act ("FLSA") case, Plaintiffs and Defendant jointly request that the Court enter a consent order approving the settlement reached between the parties in resolution of a bona fide dispute regarding Plaintiffs' entitlement to damages under the FLSA and dismissing their claims with prejudice. The parties have carefully and exhaustively negotiated a settlement in this action, and they have agreed to resolve the disputed factual and legal issues on terms set forth in the Settlement Agreement.

The parties seek Court approval of their Settlement Agreement because claims under the FLSA, like those settled and released by Plaintiffs in the Settlement Agreement, may not be

waived or released without Department of Labor or court approval.  29 U.S.C. § 216(b) and (c); Taylor v. Progress Energy, Inc., 415 F.3d 364, 371 (4th Cir. 2005) ("The rights guaranteed by the FLSA cannot be waived or settled without prior DOL or court approval."); Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (accord).  After scrutinizing the Settlement Agreement, the Court will find that the Settlement Agreement is fair and should be approved.  The Settlement Agreement reflects reasonable compromises of issues actually in dispute, the settlement was reached in an adversarial context in which both parties were represented by competent and experienced counsel, and the totality of the proposed settlement is fair and reasonable.

## II.  PROCEDURAL HISTORY

On August 19, 2010, Vernon Gillum, Russell Gurganus, and Geraldine Taylor filed this action on behalf of themselves and others allegedly similarly situated, claiming that they were not properly compensated under the Fair Labor Standards Act for all hours they worked while employed by Defendant in the positions of Meat Manager, Grocery Manager, and Customer Service Manager.[1]  Specifically, they claimed that Defendant improperly classified them as exempt from the FLSA's overtime requirements and thus failed to pay them overtime in workweeks where they worked more than forty hours.  Defendant filed its Answer on November 29, 2010, denying Plaintiffs' claims and asserting, among other things, that Plaintiffs had been properly classified as exempt.  Defendant continues to deny any wrongdoing whatsoever and does not admit any violation of law, statute, or regulation.

---

[1] Ms. Taylor was subsequently dismissed with prejudice pursuant to an Order and Stipulation of Dismissal because she did not work in any of the three positions at issue during the applicable limitations period.  See Doc. # 23.

On February 7, 2011, the Court conditionally certified a collective action class consisting of "Grocery Managers, Customer Service Managers, or Meat Managers employed by Kroger Limited Partnership I's Mid-Atlantic Division at Store Numbers 500, 501, 502, 503, 504, 505, 507, 509, 510, 511, 512, 515, 517, 520, 523, 525, 532, 533, 534, 536, 537, 538, and 539 since August 19, 2007, to [February 7, 2011]." Doc. # 19. Twenty-three Plaintiffs opted in to the case on March 25, 2011, and one Plaintiff opted in to the case on March 28, 2011. See Doc. # 20, 21. Thus, there are currently twenty-six Plaintiffs in the collective action class.

Thereafter, counsel for the parties conducted extensive discovery and investigated the facts relating to the claims alleged. On April 22, 2011, the Parties participated in a mediation overseen by The Honorable Hannah M. Lauck, United States Magistrate Judge, and reached the settlement that is set forth in the Settlement Agreement, subject to Court approval. Since the mediation, Plaintiffs' Counsel has contacted each of the twenty-seven Plaintiffs and obtained approval to enter into the Settlement Agreement on their behalf.

### III. THE LIMITATIONS PERIOD

For purposes of the Settlement Agreement only, the parties have agreed that the applicable limitations period is two years prior to the date each Plaintiff either filed suit or opted in to the action. Moreover, it is undisputed that Defendant changed the classification of the Grocery Manager, Customer Service Manager, and Meat Manager position at the twenty-three stores listed above from exempt to non-exempt on October 18, 2009. Thus, Plaintiffs' claims in this action are limited to the time period between the beginning of their particular limitations period to October 18, 2009 that they worked in one of the three positions at issue. For example, the two remaining named Plaintiffs have potential claims for the period August 19, 2008 (two years immediately preceding the date the Complaint was filed) through October 18, 2009. The twenty-three Plaintiffs who opted in on March 25, 2011 have potential claims for the period

March 25, 2009 through October 18, 2009. The one Plaintiff who opted in on March 28, 2011 has a potential claim for the period March 28, 2009 through October 18, 2009. For many of the Plaintiffs, these periods are further shortened because they did not work in any of the three applicable positions for the entire period.

### IV.     SETTLEMENT PAYMENTS

The Settlement Agreement provides an individual settlement payment to each of the Plaintiffs who have been divided into four groups. The first group consists of the three named Plaintiffs. Messrs. Gurganus and Gillum, both of whom responded to written discovery and sat for day-long depositions on behalf of the class, will receive compensation for their claims and for their efforts on behalf of the class. Though Ms. Taylor has been dismissed from the lawsuit, she will receive a modest payment for compensation for her efforts on behalf of the class up to the time of her dismissal, including responding to written discovery. The second group consists of Plaintiffs who claim to have worked in one of the three positions during the entire limitations period. The third group consists of Plaintiffs who claim to have worked in one of the three positions at some point during the limitations period but not during the entire limitations period. The fourth and final group consists of Plaintiffs who worked in one of the three positions before the limitations period but who nonetheless received notice and opted in to the case. Because the case did not proceed to the decertification stage, these plaintiffs have been included in the distribution. The settlement check will be mailed to each of the Plaintiffs within 14 days after Defendant receives each Plaintiff's executed release.

The Settlement Agreement also provides for a payment to Plaintiffs' Counsel for the fees, costs, and other expenses incurred by and on behalf of Plaintiffs in prosecuting this action.

## V.  THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND DISMISS THE ACTION WITH PREJUDICE

The Court should approve the Settlement Agreement and dismiss the action with prejudice because the settlement is the product of contested litigation, Plaintiffs are represented by competent and experienced counsel, and the Settlement Agreement reflects a reasonable compromise over disputed issues. The Settlement Agreement's provisions are fair and reasonable.

The Fourth Circuit has not set forth specific guidelines for approval of an FLSA settlement. As a result, most courts rely on the factors discussed in the Eleventh Circuit's decision in Lynn's Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982). According to the Eleventh Circuit, when reviewing a proposed FLSA settlement, the district court must "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1353, 1355. In applying this analysis, the district court should examine four factors:

1. Was the settlement achieved in an adversarial context?
2. Was the Plaintiff represented by attorneys who can protect their rights?
3. Does the settlement reflect a reasonable compromise over issues that are actually in dispute?
4. Is the settlement fair?

Id. at 1353-54.

The Settlement Agreement currently before the Court satisfies each of these factors. The settlement was negotiated at arm's length during a mediation before the Hon. Hannah M. Lauck. Each of the parties was represented by experienced counsel who protected the rights of their respective clients. The settlement reflects a reasonable compromise regarding bona fide disputes between the parties regarding the questions of liability and the amount of alleged damages under

the FLSA. Defendant asserts that its potential exposure is minimal, if any. This position is based, among other things, on the limited number of workweeks at issue and the fact that other federal courts have ruled that grocery department manager positions like the positions at issue here are exempt managerial and/or administrative positions. See, e.g., In re Food Lion, 151 F.3d 1029 (4th Cir. 1998); DePew v. Shopko Stores, Inc., No. CV-09-0539, 2006 WL 1663272 (D. Idaho May 30, 2006); Masilionis v. Falley's, Inc., 904 F. Supp. 1224 (D. Kan. 1995); Kastor v. Sam's Wholesale, 131 F. Supp. 2d 862 (N.D. Tex. 2001); Cornejo v. SY Food, Inc., Civil Action No. H-07-2571, 2009 WL 1617074 (S.D. Tex. Apr. 22, 2009). Thus, Plaintiffs may get nothing if the case was to proceed summary judgment or to trial on the issue of liability. And even if Plaintiffs were to avoid summary judgment and prevail at trial on the issue of liability, a process likely to consume several more months, Plaintiffs' damages might not exceed the amount to which Plaintiffs have agreed to settle at this stage.

Further, the parties have agreed in the Settlement Agreement that the settlement is fair, just, and adequate to settle the claims of the individual Plaintiffs. The endorsement of the Settlement Agreement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." Quintanella v. A&R Demolition, Inc., No. 04-cv-1965, 2008 U.S. Dist. LEXIS 37449, at * 14 (S.D. Tex. May 7, 2008). Here, Plaintiffs' Counsel is fully aware of the factual contentions of their clients and are in the best position to opine as to whether this settlement produces fair results after consideration of risks. They have concluded that a settlement with Defendant on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiffs.

## VI.    CONCLUSION

For these reasons, the parties respectfully request that this Court approve the Settlement Agreement in this matter. The parties further respectfully request that, should the Court approve the Settlement Agreement, it also enter an order dismissing this action with prejudice. A fully-executed proposed Consent Order approving the Settlement Agreement and dismissing this action with prejudice will be submitted in paper form as required by the Court's Electronic Filing Policies and Procedures Manual.

Respectfully submitted this 26th day of May, 2011.

| **ON BEHALF OF ALL PLAINTIFFS** | **ON BEHALF OF KROGER LIMITED PARTNERSHIP I** |
|---|---|
| /s/ Joanna L. Suyes (RAG w/ permission) | /s/ Ryan A. Glasgow |
| J. Allen Schreiber (VSB No. 79397)<br>Joanna L. Suyes (VSB No. 74226)<br>Marks & Harrison, P.C.<br>1500 Forest Ave., Suite 100<br>Richmond, Virginia 23229<br>Telephone: 804.282.0999<br>Facsimile: 804.288.1330<br>*aschreiber@marksandharrison.com*<br>*jsuyes@marksandharrison.com*<br><br>Attorneys for Plaintiffs | James P. Naughton (VSB No. 25923)<br>Hunton & Williams LLP<br>500 East Main Street, Suite 1000<br>Norfolk, Virginia 23510<br>Telephone: 757.640.5300<br>Facsimile: 757.625.7720<br>*jnaughton@hunton.com*<br><br>J. Fielding Douthat, Jr. (VSB No. 46812)<br>Ryan A. Glasgow (VSB No. 71023)<br>Hunton & Williams LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23226<br>Telephone: 804.788.8200<br>Facsimile: 804.788.8218<br>*fdouthat@hunton.com*<br>*rglasgow@hunton.com*<br><br>Attorneys for Kroger Limited Partnership I |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May, 2011 I will electronically file the foregoing using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

J. Allen Schreiber, Esq.
Joanna L. Suyes , Esq.
Marks & Harrison, P.C.
1500 Forest Ave.
Richmond, Virginia 23229
*aschreiber@marksandharrison.com*
*jsuyes@marksandharrison.com*

   /s/ Ryan A. Glasgow
Ryan A. Glasgow (VSB No. 71023)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23226
Telephone: 804.788.8200
Facsimile: 804.788.8218
*rglasgow@hunton.com*

Attorney for Kroger Limited Partnership I